# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM JOEL NIDA, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-21-00450-PRW |
| LONNIE LARSON, WARDEN, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner William Joel Nida, a state inmate appearing *pro se*, seeks habeas relief under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). During these proceedings, Petitioner filed a "Motion to Object to the Admission of Attorney General's Motion to Dismiss Filed Out of Time" (Dkt. 10), and a Motion for Default Judgment (Dkt. 11), both of which remain pending before the Court. On July 30, 2021, the Magistrate Judge issued a Report and Recommendation (Dkt. 13) recommending that the petition be dismissed. Petitioner timely filed Objections to Report and Recommendation (Dkt. 14).

For the reasons discussed below, the Court **OVERRULES** Petitioner's objections, **DENIES** Petitioner's Motion for Default Judgment, **ADOPTS** the Magistrate Judge's report and recommendation, and **DISMISSES** the petition for habeas relief.

*Pending Motions*

Before proceeding to the Report and Recommendation, the Court must address the two pending motions. On May 24th, 2021, the Court had ordered Respondent to file an answer or motion within thirty days. After Respondent's Motion to Dismiss (Dkt. 9) was filed on June 23, 2021, Petitioner entered a filing titled "Motion to Object to the Admission of Attorney General's Motion to Dismiss Filed Out of Time" (Dkt. 10), followed by a Motion for Default Judgment predicated on Respondent's alleged failure to respond by the deadline (Dkt. 11). Petitioner erroneously believed that the thirty-day deadline imposed by the Court ended on June 22, 2021. However, pursuant to the method of calculating time in Fed. R. Civ. P. 6, the end of the thirty-day deadline was June 23, 2021. Since Respondent did timely file the Motion to Dismiss, the Court overrules the objection and denies the motion for default judgment.

*Discussion*

The Court must now resolve Petitioner's objections to the Report and Recommendation by "mak[ing] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] Only then may the Court "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[2]

---

[1] 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). In conducting this determination, the Court construes Petitioner's *pro se* filing liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] 28 U.S.C. § 636(b)(1).

Petitioner's claims for habeas relief rest on the argument that the Oklahoma Department of Corrections ("ODOC") is currently "withholding earned credits" without affording him due process of law.[3] The Magistrate Judge acknowledged that the state of Oklahoma has "created a liberty interest in *earned* sentence credits,"[4] but concluded that since "Petitioner is not entitled to the application of earned sentence credits to reduce his sentence" under the statutory 85% rule, "he has no state-created liberty interest in said credits."[5] Petitioner timely objected to this conclusion as "contradictory on its face."[6] Petitioner now argues that under ODOC's Operating Procedure Policy—which he claims functions as an "amendment and change to the [statutory] law"[7]—he is eligible to earn credits during the first 85% of the sentence, and since the state of Oklahoma recognizes a liberty interest in "earned" credits, he has a "vested interest in these credits."[8]

---

[3] Pet. for Habeas Relief (Dkt. 1) ¶ 6, at 2.

[4] R&R (Dkt. 13), at 3 (first citing Okla. Stat. tit 57, § 138(A), then citing *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993)).

[5] *Id.* at 4. Since Petitioner pled guilty to first-degree burglary and has only completed approximately fourteen years (seventy percent) of his twenty-year term of imprisonment, he falls under Oklahoma Statutes Title 21, Section 13.1. Pursuant to this statute, a convicted first-degree burglar must serve 85% of the imposed sentence "prior to becoming eligible for consideration for parole" and "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 13.1.

[6] Pet'r's Objs. to R&R (Dkt. 14), at 2.

[7] *Id.* at 4.

[8] *Id.* at 5–6. Petitioner also claims that an inmate earning "excessive" credits (i.e., more than the equivalent of the 15% of the sentence he can statutorily use credits for) is a due process violation. Since these excessive credits may be unredeemable, Petitioner argues that they are rendered valueless without due process. The Court finds this unpersuasive.

Upon review, the Court concludes that the Magistrate Judge correctly found that Petitioner has "no state-created liberty interest in said credits" and is ineligible for habeas relief. For Petitioner to establish a due process violation that supports habeas relief, he "must first demonstrate that he has been deprived of a constitutionally-protected liberty . . . interest."[9] As a threshold matter, it is well-settled that inmates subject to the 85% rule have no constitutionally-protected liberty interest in earning credits towards parole.[10] Petitioner attempts to distinguish his case from this settled precedent by claiming the state of

---

Petitioner predicates this 'unredeemable' argument on the basis that he has "a Constitutional right to all earned credits." *Id.* at 8. However, this assumption has been foreclosed by the law of this circuit. *See Griffith v. Bryant*, 625 F. App'x 914, 917 (10th Cir. 2015) (unpublished) (noting that where a state's "parole scheme is discretionary, [an inmate] has no constitutionally protected due process liberty interest in parole"); *see also infra* note 10.

[9] *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005).

[10] *See West v. Bryant*, 763 F. App'x 652, 661 (10th Cir. 2019) (unpublished) ("Because the eighty-five percent rule does not implicate a constitutionally protected interest, [petitioner] cannot successfully allege a due process violation."); *Griffith*, 625 F. App'x at 917 (noting that where a state's "parole scheme is discretionary, [an inmate] has no constitutionally protected due process liberty interest in parole"); *Marshall v. Morton*, 421 F. App'x 832, 838 (10th Cir. 2011) ("[Inmate]'s sentence was subject to the 85% rule and, as a result, he was ineligible to receive earned credits. . . . [which] did not implicate a protected liberty interest in this regard."); *Barnes v. Lawson*, 2021 WL 3719268, at *1 (W.D. Okla. July 28, 2021) ("Because Petitioner is not entitled to the application of earned sentence credits to reduce his sentence, he has no state-created liberty interest in said credits."), *adopted in full by* 2021 WL 3711205 (W.D. Okla. Aug. 20, 2021); *Wooton v. Martin*, 2019 WL 6012851, at *2 (W.D. Okla. Nov. 14, 2019) (rejecting habeas petitioner's argument "regarding the alleged liberty interest implicated by 85% rule's effect on sentence credits" since "[a]n inmate does not have an absolute right to earn sentence credits."); *Alexander v. McCollum*, 2014 WL 359236, at *2 (W.D. Okla. Feb. 3, 2014) (holding that petitioner "has no liberty interest in earning good-time credits until he has served 85% of his sentence")

Oklahoma recognizes a "liberty interest created once these credits are earned,"[11] and that the ODOC policy manual effectively "amend[ed] and change[d]" the existing statutory exclusive of 85%-rule inmates by stating that such inmates "are eligible to earn credits." In short, Petitioner claims that the "eligible to *earn*" language in the Operating Procedure overrides the mandatory limitations of § 13.1 and § 138(E), giving him a vested liberty interest in "earned" credits.

Petitioner's argument that this Operating Procedure gives him a vested liberty interest in earned credits is unavailing. This approach pits an executive department's policy guidelines ("eligible to earn"[12]) against the mandatory language of two statutory restrictions ("shall not be eligible for earned . . . credits"[13] and "[n]o person ever convicted of [85%-rule offenses] shall be eligible for the credits provided [elsewhere in] this section"[14]). As the Supreme Court has explained, "prison regulations are 'primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates.'"[15] Thus, ODOC procedures alone "do not create

---

[11] Okla. Stat. tit 57, § 138(A)

[12] Pet'r's Objs. to R&R (Dkt. 14), at 4 (citing ODOC Operating Procedure, *Section—06 Classification & Case Management* (060211), at II(D)(c)).

[13] Okla. Stat. tit 21, § 13.1.

[14] Okla. Stat. tit 57, § 138(E).

[15] *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995).

constitutionally protected liberty interests,"[16] and inmates cannot combine ODOC policies with Oklahoma's laws to create an additional liberty interest beyond those authorized in the statutes alone.[17] State courts have likewise recognized that executive departments like ODOC cannot supplement the clear statutory restriction imposed by the 85% rule.[18] Here, the statutory language is clear. Petitioner "shall not be eligible" for any credits that "have the effect of reducing the length of the sentence to less than eighty-five percent" of the imposed sentence.[19]

Therefore, while it is true that the state has created a cognizable liberty interest in "earned" time credits, the state has also explicitly foreclosed any possibility of Petitioner applying any such credits to his sentence until he has completed 85% of the sentence. Accordingly, the Court overrules Petitioner's objections to the report and recommendation and adopts the Magistrate Judge's conclusion. Because Petitioner is not entitled to the application of earned sentence credits to reduce his sentence *at this time*, he has no state-created liberty interest in the application of said credits *at this time*.[20] Accordingly,

---

[16] *Harrison v. Morton*, 490 F. App'x 988, 994 (10th Cir. 2012); *see also Sandin*, 515 U.S. at 484.

[17] *See Harrison*, 490 F. App'x at 993, 994 (rejecting inmate's argument "that ODOC policies and Oklahoma law created an additional liberty interest" superseding the mandatory parole restriction of the 85% rule); *see also Marshall*, 421 F. App'x at 937–38.

[18] *See Anderson v. State*, 130 P.3d 273, 279 (Okla. Ct. Crim. App. 2006) ("Far from a discretionary procedure exercised by the executive branch, the 85% Rule is a legislatively-imposed restriction upon executive branch discretionary authority.").

[19] Okla. Stat. tit. 21, § 13.1.

[20] In a certain respect, Petitioner may have a liberty interest in his earned credits in other contexts, just not here. Although he had no statutory right to earn credits, ODOC permitted

Petitioner has failed to establish the deprivation of a constitutionally-protected liberty interest, cannot establish a due process violation, and is ineligible for habeas relief on the grounds raised in the petition.

*Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. The requirement of § 2253(c)(1) to obtain a certificate of appealability also applies when a state habeas petitioner is proceeding under § 2241.[21] A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."[22] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

---

him to preemptively accumulate credits for use once he reached the 85% threshold. And once those credits are earned and vested, he may very well have a due process liberty interest that those earned credits are not arbitrarily revoked, or their application arbitrarily withheld once the 85% threshold is cleared (the Court declines to answer such hypotheticals at this time). But in this context, the state has clearly indicated that Petitioner has no right to apply earned credits in a way that effectuates premature release. *See* Okla. Stat. tit. 21, § 13.1 ("[S]hall not be eligible for earned credits . . . which have the *effect* of reducing the length of sentence to less than eighty-five percent (85%) of the sentence imposed.") (emp. added).

[21] *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

[22] 28 U.S.C. § 2253(c)(2).

proceed further."[23] Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a certificate of appealability is denied.

Accordingly, in conclusion, the Court:

(1) **OVERRULES** Petitioner's objection to the timeliness of Respondent's Motion to Dismiss (Dkt. 10) and objections to the Report and Recommendation (Dkt. 14);

(2) **DENIES** the Motion for Default Judgment (Dkt. 11);

(3) **ADOPTS** in full the Report and Recommendation (Dkt. 13);

(4) **GRANTS** the Respondent's Motion to Dismiss (Dkt. 9);

(5) **DISMISSES** the Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) without prejudice;

(6) **DENIES** a certificate of appealability.

**IT IS SO ORDERED** this 5th day of October 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).